UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Officer Lee E. Ammons, Jr., Officer Michael Moore, )<br>Officer Linda Skinner, Officer Amelia Sandoval,   )<br>Luethel Jones, Officer Lionel Davis, Officer Linda   )<br>Sims-Ingram, Officer  James Washington, Officer   )<br>Louis Childress, Officer Reason Lee, Officer Leslie  )<br>Hearns, Officer Elmer Frazier,   )<br>    Plaintiffs,   )<br>   )<br>    v.   )<br>Cook County, Illinois, a body politic, Cook County   )<br>Board,  Sheriff Tom Dart, Superintendent Hickerson, )<br>Director Joseph Logue, Director of DCSI, Acting     )<br>Director Trebilco, Director Marcus Lyles, Lieutenant )<br>Howell, Lieutenant Ellison, Director Kurdivich,       )<br>Lieutenant Tracie Connors, Legal Adviser Joseph V.  )<br>Consolo, Officer Theresa Kruel, Assistant Director   )<br>Romero, Executive Director Godinez, Sergeant        )<br>Moreci, Sergeant Hartman, Superintendent Snooks,  )<br>Deputy Chief Kaufman,  Captain Hudek, Officer       )<br>Ludwig,  Director of Personnel Rosemarie Nolan,    )<br>Investigator Kustra, Investigator Vosco, Officer Fite, )<br>Officer Matea, Officer McConnell, Sergeant Kaputo, )<br>Captain Vivado, Captain Bielat, Captain Dembose,   )<br>Superintendent Holmes, Sergeant Conway, Officer   )<br>Thiery, Officer Redmond, Sergeant Prusser, John    )<br>Daly, Captain Kelly, and Superintendent Andrews,    )<br>    Defendants.   ) | REC'D: MAY 14, 2008<br>08CV2779 J.N.<br>JUDGE CASTILLO<br>MAG. JUDGE BROWN<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Jury Demanded |

**COMPLAINT UNDER TITLE VII OF CIVIL RIGHTS ACT OF 1964 (RACE-BASED DISCRIMINATION)**

Plaintiffs complain of the Defendants as follows:

1. Jurisdiction of this case is based upon Federal question, as Plaintiffs claim redress for race-based employment discrimination based upon Title VII of the Civil Rights Act of 1964, Title 42 USC Section 2000e *et seq*.

2. Venue is proper in this Court as the cause of action arose and all acts complained of herein transpired in the County of Cook, State of Illinois, within the geographic expanse of this Court.

3. At all times relevant to this Complaint, Plaintiffs Officer Lee E. Ammons, Jr., Officer Michael Moore, Officer Linda Skinner, Officer Amelia Sandoval, Luethel Jones, Officer Lionel Davis, Officer Linda Sims-Ingram, Officer James Washington, Officer Louis Childress, Officer Reason Lee, Officer Leslie Hearns and Officer Elmer Frazier, were and remain deputies Sheriff of Cook County, employed within the Cook County Department of Corrections as corrections officers at the Cook County Jail, and by the Cook County Sheriff's Police. All of the Plaintiffs are either African American or Latin American, and as such are members of a racial minority.

4. At all times relevant to this Complaint, Sheriff Tom Dart or his predecessor Michael Sheahan, both of whom are Caucasian American, was the Sheriff of Cook County, Illinois, and thus in charge of the Cook County Sheriff's Police as well as the Cook County Department of Corrections (referred to sometimes herein as "CCDOC"). At all times relevant to this Complaint, Sheriff Tom Dart, Superintendent Hickerson, Director Joseph Logue, Director of DCSI, Acting Director Trebilco, Director Marcus Lyles, Lieutenant Howell, Lieutenant Ellison, Director Kurdivich, Lieutenant Tracie Connors, Legal Adviser Joseph V. Consolo, Officer Theresa Kruel, Assistant Director Romero, Executive Director Godinez, Sergeant Moreci, Sergeant Hartman, Superintendent Snooks, Deputy Chief Kaufman, Captain Hudek, Officer Ludwig, Director of

Personnel Rosemarie Nolan, Investigator Kustra, Investigator Vosco, Officer Fite, Officer Matea, Officer McConnell, Sergeant Kaputo, Captain Vivado, Captain Bielat, Captain Dembose, Superintendent Holmes, Sergeant Conway, Officer Thiery, Officer Redmond, Officer Prusser, John Daly, Captain Kelly and Superintendent Andrews, all of whom are Caucasian American, were and remain supervisory agents and supervisory employees of Cook County Sheriff's Police or of the Cook County Department of Corrections. At all times relevant to this Complaint, Cook County was and remains a body politic, the organization of which includes the Cook County Jail, Cook County Sheriff's Police as well as the Cook County Department of Corrections.

    5.    The Defendants have engaged and continue to engage in a pattern and practice of race-based discrimination in the Plaintiffs' employment, all of which has been purposefully directed to garnering for the benefit of Caucasian American Officers and personnel the highest-ranked, highest paid and most desirable positions, benefits, working conditions and job assignments, to the exclusion of African American and Latin American officers including Plaintiffs.  Specifically, the Defendants' discriminatory conduct includes:

    a)    promoting Caucasian American Officers to superior ranked positions, including sergeant and other ranked, supervisory positions (Lieutenant, Captain, Director, etc.), even in cases where said Caucasian American Officers and superiors have minimal seniority and records of disciplinary action for misconduct or infractions of the employment rules.

    b)    assigning Latin American and African American Officers to lowest level assignments and other duties, with maximum inmate contact, and reserving for Caucasian American Officers and personnel the more desirable and "softer" assignments, including those which allow the (Caucasian American) officers the opportunity to leave the confines of the Jail premises while on the job.

3

c)    refusing to approve medical leave of African American Officers even when the examining physicians recommend light duty or limited assignments due to injury and consequent physical limitations of said African American Officers.

d)    imposing discipline against Latin American and African American Officers for alleged infractions of the rules applicable to Cook County Jail Corrections Officers in circumstances where they do not mete out any discipline against Caucasian American Officers, and imposing more severe discipline against Latin American and African American Officers than against Caucasian American Officers for the same alleged infractions.

e)    denying grievances prosecuted by Latin American and African American Officers in response to disciplinary action wherein Caucasian American Officers who commit the same infractions either do not receive citations of disciplinary action or their grievances are sustained so that no disciplinary action results.

f)    refusing to show Latin American and African American Officers their test results or what the required passing results are when said officers purportedly fail the tests required to be passed in order to obtain promotions to sergeant and other supervisory-level positions.

g)    asking African-American officers to come to downtown Chicago to seek results of their test scores only to then be told their results informally (by handwriting on a piece of scratch paper) and not officially affording a means to ascertain results in fairness across the board (Caucasian American Officers received telephone calls informing them of their promotions).

h)    conducting tests for promotion with all Caucasian and no African American test proctors.

4

  i)  retaliatory conduct against African American Officers who exercise their protected right to complain of mistreatment.

 6. Plaintiff Lee E. Ammons, Jr., ("Ammons") is an African American Officer and has been a CCDOC Officer for over seventeen years. Although inmate escapes transpiring on the "watch" of Caucasian American Officers have not resulted in disciplinary violations being cited, an escape incident of November 5, 2006 resulted in Ammons being cited for employment discipline. Ammons has filed and prosecuted a grievance respect to that disciplinary charge, which has not been resolved in his favor as of yet, Defendants Legal Adviser Joseph Consolo and Acting Director Trebilco having summarily determined that Ammons committed alleged infractions and imposing novel requirements upon Ammons in order to "bootstrap" the disciplinary charge. His disciplinary record is otherwise clean. He has been regularly denied promotions to supervisory or ranked positions which have been granted to similarly qualified or less qualified Caucasion American persons. Plaintiff Ammons has also suffered defamation of character in that Director Trebilco told a Sergeant that Ammons was engaged in a cell phone conversation after the November 5, 2006 escape event, causing diminution of Ammons' reputation and undermining other officers' confidence in Ammons' working capacity and reliability as a corrections officer, and emotional distress.

 7. Plaintiff Michael Moore is an African American Officer and has been a CCDOC Officer for six years. He was in a "no-pay" status regarding his employment for a period of eight months (4/9/7 to 12/6/7), while his grievance directed to disciplinary action taken on March 6, 2007 was pending, during which time Cook County resisted his claim for unemployment compensation to the Illinois Department of Employment Security. In that

incident, agents of the CCDOC moved a portable toilet from an area restricted to inmates only to an area open to members of the non-incarcerated public, photographed the toilet, and falsely accused Officer Michael Moore of allowing an inmate to use a public-area toilet, which is an infraction potentially justifying discipline.   That incident is also the subject of complaints filed by Officer Michael Moore in the Illinois Department of Human Rights and the Equal Employment Opportunity Commission.   Officer Michael Moore has not applied for testing to become a sergeant, because the materials required to pass the test with a score of 80 or better (which is the minimum score, upon information and belief, required to be achieved in order to compete for a sergeant's position) cost approximately $250.00 to $300.00.   Upon information and belief, at least two Caucasian American Officers have been promoted to Sergeant without having taken any test at all, but Officer Michael Moore has not been offered such a promotion. (Three Caucasian officers and one Caucasian supervisor, by contrast, accused of police brutality were allowed to keep working, serving at times in Division 11 of the Cook County Jail, and were never placed on "no-pay" status).

       8. Plaintiff Officer Linda Skinner ("Skinner") is an African American Officer and has been a CCDOC Officer for over seventeen years.  Although inmate escapes transpiring on the "watch" of Caucasian American Officers have not resulted in disciplinary violations being cited, an escape incident of November 5, 2006 resulted in Skinner being cited for employment discipline.  Skinner has filed and prosecuted a grievance respect to that disciplinary charge, which has not been resolved in her favor as of yet, Defendants Director Joseph Consolo and Chief Trebilco having summarily determined that Skinner committed alleged infractions and imposing novel requirements upon Skinner in order to "bootstrap" the disciplinary charge.  Her disciplinary record is otherwise clean.  Plaintiff Skinner has also been harassed by defamation of her character perpetrated by Director Trebilco asserting to a Sergeant that Skinner was reading a

book after escape event of November 5, 2006, causing diminution of her reputation and undermining other officers' confidence in her working capacity and reliability as a correctional officer, and emotional distress.

9. Plaintiff Louis Childress is an African American Officer who suffers from the diseases of sleep apnea, fibromyalgia and related arthritis, and hypertension. Although his physician has recommended that he be stationed to work on the first floor of any building, and although such accommodation can be afforded to Officer Childress, such accommodation has not been consistently afforded to him. This is deleterious to Officer Childress' health and violates his physician's recommendation. On the other hand, Caucasian American Officers have been offered restricted assignments to accommodate their injuries and ailments. Additionally, Officer Childress took the test to be promoted to the rank of Sergeant at one time, but was told that he did not pass -- the person who so advised him refused to tell him what his failing score was. He applied for Sheriff's Police and was found qualified, except that his military service record allegedly fell nine (9) days short of the required experience. Upon information and belief, Caucasian American Officers who are similarly qualified or less qualified than Officer Childress have been promoted to Sergeant or Sheriff's police without having taken any test or meet the purported military service requirement. Officer Childress has experienced personnel of the CCDOC visiting his residence on days when he takes authorized medical leave, which visits amount to "checking up on" or harassment of Officer Childress. This violates his rights under the Family and Medical Leave Act ("FMLA").

10. Plaintiff Officer Amelia Sandoval is a Latin American Officer for ten years. She has passed the test for promotion to electronic home monitoring (EM) but has never been promoted to such position, even though less qualified and equally qualified Caucasian American

Officers have been accorded said promotion. She has been regularly denied easier assignments with less inmate contact because her superior officers believe that Caucasian American female Officers should not have substantial contact with male inmates, and said superior officers have allocated the work assignments accordingly. She is regularly harassed by her superior officers by being forced to work post "OE" while Caucasian officers are placed in posts with minimal activity and stress or permitted to remain idle.

11.     Plaintiff Luethel Jones is an African American medical technician who has been denied promotions where less qualified Caucasian American medical technicians have been accorded said promotions. Defendants have additionally harassed Luethel Jones by arresting her with handcuffs, without cause and while she was working, and have subsequently ridiculed her for being so arrested. Similarly situated Caucasian officers have not been so treated.

12.     Plaintiff Officer Lionel Davis is an African American Officer. He has been regularly denied promotions to supervisory or ranked positions which have been granted to similarly qualified or less qualified Caucasion American persons.

13.     Plaintiff Officer Linda Sims-Ingram is an African American Officer and has been since March 2, 1999. Officer Ingram took the test required for promotion once in 2005, but the test administrators stopped the test in the middle to instruct the testers (including Officer Ingram) to indicate their race and gender, but was never been identified as having passed, and was notified that she failed with no information given as to her exact score. Officer Ingram, in her capacity as Union steward for Division 2 (midnight shift) and for her own safety and wellbeing, reported discriminatory conduct against African American Officers, in response to which her supervisors (Caucasian American persons) forced her personally to submit to tests for narcotics up to three times in one year. All tests came back negative -- upon information and belief the sole purpose of the test was to harass and intimidate Officer Ingram. Similarly

qualified Caucasian American officers have been promoted and not Caucasian American women assigned to security office, sequestered from inmates, and consistently given better assignments and easier working conditions.

14.     Plaintiff Officer James Washington is an African American Officer, and has been so employed for twenty-three years. His disciplinary and attendance record is excellent and substantially unblemished. He has been regularly denied promotions to supervisory or ranked positions which have been granted to similarly qualified or less qualified Caucasion American persons.

15.     Plaintiff Reason Lee, Jr. is an African American Officer. He has been regularly denied promotions to supervisory or ranked positions which have been granted to similarly qualified or less qualified Caucasion American persons.

16.     Plaintiff Officer Leslie Hearns is an African American Officer. She has been regularly denied promotions to supervisory or ranked positions which have been granted to similarly qualified or less qualified Caucasion American persons. She has been harassed by having her requests for medical leave challenged and delayed, resulting in effective denial of her rights under the Family and Medical Leave Act ("FMLA"), while, upon information and belief, similarly situated Caucasian officers are able easily to take advantage of FMLA benefits and provisions.

17.     These actions by the Defendants have directly and proximately caused substantial damage to Plaintiffs, including loss of earnings, pain, suffering, mental anguish, humiliation, diminution of reputation, increased peril and exposure to risk of injury and inmate attack on the job. Although the supervisor-level Defendants have been notified of these issues, none of them have taken measures to implement fair and equal access hiring, promotion and employee assignment methods.

Wherefore, Plaintiffs Officer Lee E. Ammons, Jr., Officer Michael Moore, Officer Linda Skinner, Officer Amelia Sandoval, Luethel Jones, Officer Lionel Davis, Officer Linda Sims-Ingram, Officer James Washington, Officer Louis Childress, Officer Reason Lee, Officer Leslie Hearns, and Officer Elmer Frazier respectfully request that they be awarded a sum in excess of $10 Million, representing lost wages, front and back pay, and forgone opportunity costs, to be taxed against and paid by Defendants Cook County, Illinois, a body politic, Sheriff Tom Dart, Superintendent Hickerson, Director Joseph Logue, Director of DCSI, Acting Director Trebilco, Director Marcus Lyles, Lieutenant Howell, Lieutenant Ellison, Director Kurdivich, Lieutenant Tracie Connors, Legal Adviser Joseph V. Consolo, Officer Theresa Kruel, Assistant Director Romero, Executive Director Godinez, Sergeant Moreci, Sergeant Hartman, Superintendent Snooks, Deputy Chief Kaufman,  Captain Hudek, Officer Ludwig, Director of Personnel Rosemarie Nolan, Investigator Kustra, Investigator Vosco, Officer Fite, Officer Matea, Officer McConnell, Sergeant Kaputo, Captain Vivado, Captain Bielat, Captain Dembose, Superintendent Holmes, Sergeant Conway, Officer Thiery, Officer Redmond, Officer Prusser, John Daly, Captain Kelly and Superintendent Andrews,,  jointly and severally.

Plaintiffs demand trial by jury, and designation of a Court Monitor to oversee all discipline, hiring, firing and promotions events and practices of the Defendants.

                        Respectfully submitted,

                        Officer Lee E. Ammons, Jr., Officer Michael Moore, Officer Linda Skinner, Officer Amelia Sandoval, Luethel Jones, Officer Lionel Davis, Sandoval, Officer Linda Sims-Ingram, Officer James Washington, Officer Louis Childress, Officer Reason Lee, Officer Leslie Hearns, Officer Elmer Frazier,

                        By:_____
                             Michael J. Greco
                             Attorney for Plaintiffs

Michael J. Greco
Attorney at Law
Attorney for Plaintiffs
70 W. Hubbard Street
Suite 302
Chicago, Illinois  60610
312 222-0599
Attorney No. 06201254